UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Transportation Specialist Group, Inc.,            Case No. 16-13048-KKS
                                                               Chapter 11

          Debtor.
_____/

## MOTION TO DETERMINE SINGLE ASSET REAL ESTATE

World Business Lenders, LLC, as successor in interest to Bank of Lake Mills ("WBL" or "Creditor"), by and through its undersigned counsel, hereby requests the Court for an order determining that Transportation Specialist Group, Inc.'s ("Debtor") business is a single asset real estate as defined in 11 U.S.C. § 101(51B) and subject to the rights and requirements of 11 U.S.C. § 362(d)(3), and in support therefore, states as follows:

       1.       On March 2, 2016, the Debtor commenced this case. In its petition, the Debtor does not identify itself as a Single Asset Real Estate debtor as defined in 11 U.S.C. § 101(51B).

       2.       Section 101(51B) provides as follows:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

       3.       On March 28, 2016, the Debtor filed its Schedule A/B, in which it states that the only assets of the Debtor consist of a single piece of real property and rent receivables from the real property.

       4.       On April 7, 2016, the Debtor filed its case management summary, in which it states that its business consists of owning one piece of commercial real property with two

1

27568823 v1

tenants.

5. On April 28, 2016, the Debtor filed its Disclosure Statement, in which it indicates that its only income is rent, and that the Debtor conducts no other business on its property, other than operating the property and incidental activities.

6. Pursuant to 11 U.S.C. § 362(d)(3), WBL is entitled to stay relief unless the Debtor, within 30 days from entry of an order granting this motion, files a plan of reorganization that has a reasonable possibility of confirmation within a reasonable time, or commences monthly interest payments to WBL. The Debtor has failed to do either of these, and accordingly, WBL requests the Court to enter an order determining that the Debtor's business is a single asset real estate subject to the rights and requirements of 11 U.S.C. § 362(d)(3).

WHEREFORE, WBL respectfully requests entry of an order determining that the Debtor's business is a single asset real estate, as defined in 11 U.S.C. § 101(51B), subject to the rights and requirements of 11 U.S.C. § 362(d)(3), and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system on May 26, 2016 to: **Stan Riskin, Esquire**, 950 S. Pine Island Road. #A-150, Plantation, FL 33324 stan.riskin@gmail.com, *Attorneys for Debtor;* and Office of U.S. Trustee, 51 S. W. 1st Ave., Suite 1204, Miami, FL 33130.

        Respectfully Submitted,

        */s/ Jonathan M. Sykes*
        Jonathan M. Sykes, Esquire
        Florida Bar No. 73176
        Email: jsykes@burr.com
        lloving@burr.com; ccrumrine@burr.com
        BURR & FORMAN LLP
        200 South Orange Avenue, Suite 800

Orlando, Florida 32801
Telephone: (407) 540-6636
Facsimile: (407) 540-6601
*Attorneys for World Business Lenders, LLC*

27568823 v1